IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-21-0164 |
| **WILLIAM BERNDT,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF No. 47) and William Berndt's Motion to Dismiss Indictment (ECF No. 49). For the reasons set forth below, the Court will grant in part Berndt's Motion, and will dismiss the indictment. The dismissal will be without prejudice. The Court will deny as moot the Government's Motion.

### I.   *Procedural Background*

On May 12, 2021, the Government filed an Indictment charging Berndt with one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) He had his initial appearance on May 28, 2021. (ECF No. 4.)

The parties subsequently filed multiple consent motions to exclude time pursuant to the Speedy Trial Act. (ECF Nos. 12, 16, 25, 27, 32, 34, 36, 41, 43, 45.) These motions were all granted, and excluded May 28, 2021 through April 26, 2023 from the time within which the trial was required to commence under the Speedy Trial Act. (ECF Nos. 13, 17, 26, 28, 33, 35, 37, 42, 44, 46.) The last of the consent motions was filed on March 2, 2023, and was granted on March

1

6, 2023. (ECF Nos. 45, 46.) That last consent motion and order tolled the speedy trial clock through April 26, 2023. (*Id.*)

Thereafter, neither party filed any documents in this case until February 20, 2024, when the Government filed the pending Motion to Exclude Time Pursuant to the Speedy Trial Act, seeking to "toll[] the Speedy Trial clock for the period from April 26, 2023, through and including March 22, 2024." (ECF No. 47.) The Government explained that the parties needed additional time to engage in plea negotiations and that, while such time is not automatically excluded under the Speedy Trial Act, a continuance was appropriate under 18 U.S.C. § 3161(h)(7). (*Id.*)

In response, Berndt filed the pending Motion to Dismiss Indictment, arguing that the Indictment must be dismissed, and that the Court may not grant a *nunc pro tunc* continuance. (ECF Nos. 49, 55.) He further argues that such dismissal should be with prejudice. (*Id.*)

## II. Speedy Trial Act

The Speedy Trial Act generally requires a criminal trial to begin within seventy days of the filing of an indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of certain delays when computing this seventy-day period. 18 U.S.C. § 3161(h). Some periods of delay are automatically excludable (and thus may be excluded without district court findings), while others are "excludable only if the district court makes certain findings enumerated in the statute." *Bloate v. United States*, 559 U.S. 196, 203 (2010) (citing 18 U.S.C. § 3161(h)(7)). 18 U.S.C. § 3161(h)(7) provides that:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

"[T]ime spent engaging in plea negotiations is not automatically excluded under the Act." *United States v. Hart*, 91 F.4th 732, 739 (4th Cir. 2024). Rather, the delay caused by time spent engaging in plea negotiations may be excludable under 18 U.S.C. § 3161(h)(7). *See id.* at 739–40.

Further, 18 U.S.C. § 3162(a)(2) provides that:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).

As the Act makes clear, dismissal is mandatory if the court finds that the defendant has not been brought to trial within the seventy days (as extended by any delay under 18 U.S.C. § 3161(h)). *See United States v. Taylor*, 487 U.S. 326, 332 (1988) ("[T]he statute admits no ambiguity in its requirement that when [] a violation [of the Act] has been demonstrated, 'the information or indictment shall be dismissed on motion of the defendant.'" (quoting 18 U.S.C. § 3161(a)(2))).

If a court determines that an indictment must be dismissed, the Court then determines whether to dismiss the charges with or without prejudice. 18 U.S.C. § 3162(a)(2) provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

### III. Analysis

The Court will dismiss the Indictment, as the Act requires upon a violation of the Speedy Trial Act. The dismissal will be without prejudice.

3

### A. Dismissal

As noted above, 18 U.S.C. § 3162(a)(2) provides that charges "shall be dismissed" if a trial does not begin within seventy days of a defendant's initial appearance, excluding any time under 18 U.S.C. § 3161(h). Here, the last excluded date was April 26, 2023, and the Government filed no further motion to exclude time until February 20, 2024. Thus, there has been a lapse of approximately 300 days, far exceeding the seventy days provided in the Speedy Trial Act, and the Court is required to dismiss the indictment.

The Government does not dispute this lapse. Rather, it attempts to argue that the record in this case is sufficient for the Court to exclude the time between April 26, 2023 and February 20, 2024 (the date the Government filed its Speedy Trial Act Motion). This argument is unavailing, as the Fourth Circuit has "made clear that the district court may not grant an ends of justice continuance *nunc pro tunc*." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). As the Fourth Circuit has explained:

> Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, 91 F.4th 214, 221 (4th Cir. Jan. 24, 2024). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008).

*Hart*, 91 F.4th at 739–40; *see also United States v. Velasquez*, 52 F.4th 133, 138 (4th Cir. 2022) ("The Supreme Court has interpreted [18 U.S.C. § 3161(h)(7)] to require that 'the findings must be made, if only in the judge's mind, before granting the continuance.'" (quoting *Zedner v. United States*, 547 U.S. 489, 506 (2006))). In short, while the after-the-fact recording of the reasons for

4

granting a continuance is permissible (so long as it is no later than when the court rules on a defendant's motion to dismiss), the actual balancing of those reasons must occur contemporaneously with the granting of the continuance.

Here, the Court clearly made no contemporaneous findings with respect to the time period that the Government now asks the Court to exclude retroactively. No motion was pending that would have given the Court occasion to make such contemporaneous findings. The Government points to the fact that the Court granted several continuances with respect to prior time periods as grounds for backdating a continuance now. However, the Court's findings with respect to prior time periods is simply not relevant to whether a further 10-month continuance, from April 26, 2023 to February 20, 2024, is appropriate. The Government points to no authority that would allow the Court to graft its reasoning relating to prior time periods on to this later time period, and the Court has not identified any.

In short, as Brendt succinctly argues, "[b]ecause the Government never moved for a continuance within the period of allowable delay, it necessarily follows that this Court could not have done the mandatory balancing *contemporaneously* with the granting of the continuance in the first place." (ECF No. 55 at 2 (emphasis in original).) Accordingly, the Court must dismiss the Indictment.

### B. Prejudice

Having found that the Indictment must be dismissed, the Court now turns to whether the dismissal will be with or without prejudice. As noted above, 18 U.S.C. § 3162(a)(2) provides that, in making this determination, the Court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the

5

administration of justice." Further, "[a]lthough not dispositive, 'the presence or absence of prejudice to the defendant' is also 'relevant for a district court's consideration,' and may be considered in conjunction with the third factor." *United States v. Williams*, 665 F. App'x 290, 292 n.1 (4th Cir. 2016) (quoting *Taylor*, 487 U.S. at 334). The Court will dismiss the Indictment without prejudice.

### 1. Seriousness of the Offense

The Court finds that the offense at hand is a serious one, which weighs in favor of a dismissal without prejudice. Berndt was indicted for violating 18 U.S.C. § 922(g)(1) by possessing nine firearms—including an AR-15 style rifle, three 12-gauge shotguns, four semiautomatic pistols, and one .357 caliber revolver—and 93 rounds of ammunition. (ECF No. 1.) This is a serious offense. *See United States v. Washington*, Crim. No. 10-294-1, 2010 WL 11527314, at *1 (M.D.N.C. Aug. 23, 2010) (collecting cases).

Berndt argues that "the evidence is consistent with Mr. Berndt merely having been a keen firearm hobbyist" and that "[t]here is no evidence that [he] used any firearm or firearm part for a violent or nefarious purpose nor had plans to do so." (ECF No. 49 at 5.) Berndt also argues that his background weighs in favor of a dismissal without prejudice. (*Id.* at 6.) He argues that he has "a minimal, non-violent record," explaining that the Government alleges that he is a prohibited person "due to a distant misdemeanor conviction from 2005 for possession of an unregistered shotgun" and that "[h]is only other priors are for possession of marijuana in 2003, for which he successfully completed probation before judgment, and a 2005 possession of marijuana and paraphernalia, for which he received 1 year of supervised probation." (*Id.*) The Court takes these circumstances into account here, but ultimately finds that the volume of weaponry charged makes this a serious offense regardless of Berndt's criminal history.

Berndt also argues that he has "colorable legal challenges to this prosecution." (ECF No. 49 at 6–7 (citing *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019)). The Court makes no findings regarding whether Berndt may have some legal defense to the charge that has been levelled against him. However, the existence of potential legal challenges does not diminish the seriousness of the offense.

### 2. Facts and Circumstances of the Case

Berndt argues that "hundreds of days have passed since April 23, 2023 – the end of the exclusion date for speedy trail tolling that the Government requested." (ECF No. 49 at 8.) This lengthy delay is the factor that, in the Court's estimation, weighs most heavily in favor of granting a dismissal with prejudice. *See Taylor*, 487 U.S. at 340 (explaining that "[t]he length of delay" is "a measure of the seriousness of the speedy trial violation" and that "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty"); *United States v. Jones*, 887 F.2d 492, 495 (4th Cir. 1989) (explaining that, where "the crime charged is a very serious one . . . , the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay").

However, Berndt does not argue—and there is no evidence—that the Government's delay was anything other than an unintentional oversight. (*See* ECF No. 55 at 6 ("The Defense assumes the Government's delay 'was not intentionally dilatory, undertaken in bad faith, or conducted with the aim of delaying resolution of Mr. Berndt's case.'" (quoting ECF No. 53 at 16).) Both Berndt and the Government explain that the parties were communicating regarding a plea resolution during this interim time. (ECF No. 49 at 8 (Berndt explaining that "[t]he parties have had sporadic communications about a plea resolution in this case, including occas[]ions between April 26, 2023

7

and the Government's February 20, 2024 tolling motion");[1] ECF No. 53 at 18–20 (the Government explaining that the parties have "communicated orally and in writing" from April 26, 2023 through February 20, 2024).)

The Supreme Court has explained that "a truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration of" the facts and circumstances of the case. *Taylor*, 487 U.S. at 338 (also explaining that "[t]he District Court did not find that the Government acted in bad faith with respect to respondent; neither did the court discover any pattern of neglect by the local United States Attorney"). But, there must be "more than an isolated unwitting violation" for this factor to weigh in favor of a dismissal with prejudice. *Id.* at 339.

The Court therefore finds that, while such a lengthy delay as is present in this case may militate in favor of a dismissal with prejudice in certain circumstances, on balance, the facts and circumstances of this case weigh in favor of a dismissal without prejudice.[2]

---

[1] Berndt argues that this does not automatically toll the speedy trial clock. As discussed above, the Court agrees. However, whether there was a Speedy Trial Act violation and whether a dismissal should be with or without prejudice are two distinct inquiries.

[2] The Court pauses to make an observation. The Court surmises that the reason for the Government's failure to timely file a motion pursuant to the Speedy Trial Act was that the Government unintentionally failed to file such motion, although the Government does not say so explicitly. Only on the last page of its Memorandum does the Government refer to its failure to file a timely speedy trial motion as an "error." (ECF No. 53 at 25.) Rather than explain that it made an inadvertent mistake, the Government explains that "the delay stems in part from attempts at resolving the case and from the case's unusual posture." (*Id.* at 18.) The Government's briefing does not explain why engaging in plea negotiations prevented it from filing a timely motion, likely because engaging in plea negotiations and filing a timely motion pursuant to the Speedy Trial Act are not mutually exclusive. The Government further explains that this case was pending during "an unprecedented era in the history of this Court" due to the COVID-19 pandemic and that "there were two changes of counsel in this case." (*Id.* at 18.) This may be so, but the unaccounted-for time period dates from April 2023 to February 2024. The country was no longer in the throes of the early stages of the COVID-19 pandemic, and the last change in counsel occurred in 2022. Thus, the Court cannot conclude that these circumstances contributed to the Government's mistake. Rather, until April 2023, counsel in this case diligently filed consent motions to exclude time.

However, because Berndt does suggest or present any evidence that any delay was intentional or that there was any pattern of neglect, this does not impact the Court's analysis with respect to this factor.

8

### 3. Impact of Reprosecution

Berndt argues that "allowing the Government to reprosecute [him] frustrates the administration of the Speedy Trial Act and undermines the administration of justice" and that a dismissal with prejudice will hold the Government accountable. (ECF No. 49 at 9–10.) He also argues that "[p]rejudice is caused by leaving a person in limbo about whether the Government is intent on prosecuting him." (*Id.* at 10.)

With respect to Berndt's first argument—that the purpose of the Act will be undermined if the dismissal is without prejudice—the Supreme Court has explained that:

> It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays. Nonetheless, the Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

*Taylor*, 487 U.S. at 342. Indeed, "[t]he decision to dismiss an indictment with or without prejudice is a matter reserved to the discretion of the Court, and neither remedy is presumptively mandated by the Speedy Trial Act." *United States v. Hinch*, 308 F. Supp. 2d 599, 602 (D. Md. 2004) (citing *Taylor*, 487 U.S. at 334–35).

Therefore, a violation of the Act does not mandate a dismissal with prejudice. The Fourth Circuit has explained that "that the purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution" where the "charged offense was very serious" and the delay "was due to inadvertence and was not likely to be repeated." *United States v. Reames*, 40 F.

9

App'x 861 (4th Cir. 2002). Dismissal without prejudice is appropriate where "there is no evidence that a delay in the trial date was for the government to obtain a tactical advantage, that the delay was purposeful or that the [defendant] was prejudiced by the delay." *United States v. Jones*, 887 F.2d 492, 495 (4th Cir. 1989). Here, the Court finds that, given the circumstances of the delay, permitting reprosecution would not impact the administration of justice.

With respect to Berndt's second argument, the Supreme Court has explained that "unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654 (1992) (citations, quotations, and alterations omitted); *see also Taylor*, 487 U.S. at 340 (explaining that "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty"). Here, although Berndt rightly argues that he has suffered prejudice by being left in limbo, the Court concludes that this prejudice is not so great so as to merit a dismissal with prejudice. Rather, the Court finds that the fact that Berndt has been on pretrial release and that he points to no prejudice with respect to his defense weigh in favor of a dismissal without prejudice. *See Hinch*, 308 F. Supp. 2d at 604 ("[T]he Defendant conceded that no witnesses or evidence had become unavailable as a result of the delay. There was absolutely no evidence of any prejudice to the Defendant, as he remained on release during the entire one-year period of the delay.").

Thus, after weighing the factors provided in 18 U.S.C. § 3162(a)(2), the Court concludes that the Indictment in this case should be dismissed without prejudice.

## IV. Conclusion

For the forgoing reasons, the Court concludes that Berndt's Motion to Dismiss Indictment (ECF No. 49) will be granted in part. The Court will dismiss the Indictment without prejudice. The Court will deny the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF No. 47) as moot.

Dated this 29 day of April, 2024

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge